1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

9  TERRENCE L. DAVIS,                          CASE NO. 1:06-cv-00118-AWI-SMS PC

10              Plaintiff,                       ORDER DISMISSING COMPLAINT FOR
                                                 FAILURE TO STATE A CLAIM, WITH LEAVE
11      v.                                       TO FILE AMENDED COMPLAINT WITHIN
                                                 THIRTY DAYS
12  L. CHAPPARRO, et al.,
                                                 (Doc. 1)
13              Defendants.
                                        /
14

15  I.      Screening Order

16          A.      Screening Requirement

17          Plaintiff Terence L. Davis ("plaintiff") is a former state prisoner proceeding pro se and in

18  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19  February 3, 2006.

20          The court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28  ///

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.     Plaintiff's Claims

The events at issue in this action allegedly occurred while plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California.  Plaintiff is seeking money damages and trial by jury.  Plaintiff names prison staff members L. Chapparro, J. Bolland, J. Ward, R. Frost, U. Klassen or U. Klarren, R. Rollins, B. Ndoh, and A. Santa Cruz as defendants.  Plaintiff alleges claims under section 1983 for denial of access to the courts and denial of due process.

///

///

///

2

1          1.      Denial of Access to the Courts

Plaintiff alleges that defendant Chapparro denied him access to the courts, which affected

his ability to re-file case number 2:01-cv-00082-LKK-GGH Davis v. Solano State Prison within one

year of the dismissal.[1]

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted.)   "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions

of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A

person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983,

if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform

an act which [that person] is legally required to do that causes the deprivation of which complaint

is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588

F.2d 740, 743 (9th Cir. 1978)).   "[T]he 'requisite causal connection can be established not only by

some kind of direct, personal participation in the deprivation, but also be setting in motion a series

of acts by others which the actor knows or reasonably should know would cause others to inflict the

constitutional injury.'"   Id. (quoting Johnson at 743-44).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518

U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil

---

[1] The court takes judicial notice of its docket, and the dismissal of the case on February 7, 2002, for failure
to exhaust the available administrative remedies.

1  rights actions. Id. at 354.  Claims for denial of access to the courts may arise from the frustration

2  or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from

3  the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v.

4  Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).  For backward-looking claims such

5  as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying

6  claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as

7  recompense but that is not otherwise available in a future suit."  Phillips v. Hust, No. 04-36021, 2007

8  WL 446593, at *3 (9th Cir. Feb. 13, 2007).

9       The first element requires that plaintiff show he suffered an "actual injury" by being shut out

10  of court.  Harbury 536 U.S. at 415; Lewis, 518 U.S. at 351; Phillips, 2007 WL 446593, at *3.  The

11  second element requires that plaintiff show defendant Chapparro proximately caused the alleged

12  violation of plaintiff's rights, "[t]he touchstone . . . [for which] is foreseeability."  Id.  Finally, the

13  third element requires that plaintiff show he has no other remedy than the relief available via this suit

14  for denial of access to the courts.  Id. at *6.

15       Although the court is mindful that the federal system is one of notice pleading, Fed. R. Civ.

16  P. 8(a), plaintiff must allege some facts that would support a claim for relief under section 1983 for

17  denial of access to the courts.  Plaintiff has not done so.  Plaintiff's complaint is long on immaterial

18  details but short on factual allegations supporting a claim under section 1983.  The court has supplied

19  plaintiff with the requisite legal standard and will permit plaintiff the opportunity to file an amended

20  complaint, in the event that plaintiff believes in good faith he has a cognizable access claim.

21            2.   Inmate Appeals Process

22       Plaintiff's complaint sets forth extensive factual allegations concerning his use of the inmate

23  appeals process and the response to his appeals by various defendants.  "[A prison] grievance

24  procedure is a procedural right only, it does not confer any substantive right upon the inmates."

25  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8,

26  10 (N.D. Ill. 1982)) (emphasis added); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

27  (no liberty interest in processing of appeals because no entitlement to a specific grievance

28  procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

1  confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions

2  in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983

3  action.  Buckley, 997 F.2d at 495.

4       The actions of defendants in reviewing and resolving plaintiff's inmate appeals do not

5  support any claims for relief under section 1983.  Plaintiff's attempt to impose liability on defendants

6  based on their involvement in responding to his appeals fails as a matter of law.

7                3.    Disciplinary Hearing

8       Finally, plaintiff alleges in his complaint that after he was found guilty of a disciplinary

9  violation by defendant Santa Cruz, he lost thirty days of time credits, and lost yard, day room, phone,

10  special purchase, and quarterly package privileges for ninety days.

11       The Due Process Clause protects against the deprivation of liberty without due process of

12  law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

13  Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

14  protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

15  law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

16  confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

17  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the

18  existence of a liberty interest created by prison regulations is determined by focusing on the nature

19  of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state

20  law are "generally limited to freedom from restraint which . . . imposes atypical and significant

21  hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515

22  U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, No. 04-15770, 2007 WL 400759,

23  at *1 (9th Cir. Feb. 7, 2007).

24       There is no protected liberty interest at stake with respect to the loss of yard, day room,

25  phone, special purchase, and quarterly package privileges for ninety days.  Id.  Therefore, plaintiff

26  may not pursue a due process claim premised on the basis that he was deprived of a protected liberty

27  interest in these privileges without due process of law.  However, plaintiff does have a protected

28

liberty interest in his time credits.[2] See Sandin, 515 U.S. at 477-78, 115 S.Ct. at 2297 (citing with approval Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (state-created interest in shortened prison sentence is an interest of "real substance")).

Once the existence of a protected liberty interest has been established, the inquiry turns to what procedural process was due. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994). In this instance, plaintiff has not established that he was deprived of any of the procedural protections he was due under federal law. Plaintiff's disagreement with the issuance of the Rules Violation Report and plaintiff's disagreement with the finding of guilt by defendant Santa Cruz are insufficient to support a claim that plaintiff's federal rights were violated.

### 4.   Rule 8(a)

The court has screened plaintiff's complaint and found that it does not state any claims for relief under section 1983. The court will provide plaintiff an opportunity to file an amended complaint. In addition, plaintiff's complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

---

[2] Plaintiff is no longer in custody. Therefore, his claim is not barred by the favorable termination rule. Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004).

Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

In drafting his amended complaint, plaintiff is warned that the amended complaint must comply with Rule 8(a). Plaintiff should clearly and briefly set forth the facts in support of each claim and should supply the facts necessary to link the alleged violation of his constitutional right to acts or omissions of the named defendants. However, plaintiff should not argue and should not set forth a lengthy description of immaterial facts.

C.      Conclusion

The court finds that plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted;

2.      The Clerk's Office shall send plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.      If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    February 22, 2007**                     **/s/ Sandra M. Snyder**
icido3                                                                         UNITED STATES MAGISTRATE JUDGE